Argued and submitted September 2, 2021; reversed on appeal, affirmed on cross-appeal June 2, 2022

STATE OF OREGON,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

SIONE MOALA,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
18CR73992; A171258

511 P3d 1127

The state appeals a pretrial order that excluded a photograph of an injury on the complainant, E's, leg after the trial court concluded that the photograph constituted impermissible hearsay. Defendant cross-appeals from the trial court's order. He argues that the Court of Appeals lacks jurisdiction to consider the state's appeal. He also argues that the trial court erred in concluding that the state could use other photographs of E's injuries at trial. *Held*: In light of *State v. Jackson*, 368 Or 705, 498 P3d 788 (2021), the court rejected defendant's threshold jurisdictional argument. In addition, because the photograph of E's leg, at least as of the pretrial hearing, was not intended to be offered to prove the truth of the matter asserted, the trial court erred in excluding that photograph as inadmissible hearsay. Lastly, the trial court did not err in concluding that the additional photos of E's injuries would not be hearsay at the pretrial hearing.

Reversed on appeal; affirmed on cross-appeal.

Thomas M. Ryan, Judge.

Colm Moore, Assistant Attorney General, argued the cause for appellant-cross-respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Mark Kimbrell, Deputy Public Defender, argued the cause for respondent-cross-appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before James, Presiding Judge, and Kamins, Judge, and Joyce, Judge.*

_____

* Joyce, J., *vice* Lagesen, C. J.

JOYCE, J.

Reversed on appeal; affirmed on cross-appeal.

**JOYCE, J.**

The state appeals a pretrial order that excluded a photograph of an injury on the complainant, E's, leg after the trial court concluded that the photograph constituted impermissible hearsay. Defendant cross-appeals from the trial court's order. He argues that we lack jurisdiction to consider the state's appeal. He also argues that the trial court erred in concluding that the state could use other photographs of E's injuries at trial; the trial court concluded that, unlike the photograph of E's leg, the other photographs would not be hearsay. In light of recent Supreme Court precedent, we reject defendant's threshold jurisdictional argument. We also conclude that because the photograph of E's leg, at least as of the pretrial hearing, was not intended to be offered to prove the truth of the matter asserted, the trial court incorrectly ruled that the photograph of E's leg would be hearsay; we therefore reverse on the state's appeal. Finally, we conclude that the trial court correctly ruled, as of the time of the pretrial hearing, that the additional photos of E's injuries would not be hearsay and thus affirm on cross-appeal.

We address defendant's jurisdictional argument before turning to the merits of the appeals. Defendant maintains that we do not have jurisdiction to consider the state's appeal because ORS 138.045(1)(d), the statute under which the state appeals, does not authorize the appeal. ORS 138.045(1)(d) authorizes the state to appeal from "an order made prior to trial suppressing evidence." Defendant argues that that statute was intended to apply only to orders deciding motions to suppress evidence that was obtained in violation of a defendant's constitutional rights. Because the trial court excluded the photograph here based on the Oregon Evidence Code, and not any constitutional violation, defendant maintains that ORS 138.045(1)(d) does not permit the state's appeal.

After defendant filed his appeal, the Supreme Court decided *State v. Jackson*, 368 Or 705, 498 P3d 788 (2021), which squarely addressed the same jurisdictional question that defendant raises here. In *Jackson*, the court rejected the notion that ORS 138.045(1)(d) should be narrowly construed

to encompass only those pretrial orders that involve a violation of a defendant's constitutional rights. 368 Or at 713-15. Under *Jackson*, we have jurisdiction over the state's appeal.

We turn to the factual background underlying this appeal. The relevant facts are few, undisputed, and largely procedural. A grand jury indicted defendant for fourth-degree assault constituting domestic violence. Defendant filed a motion *in limine* to exclude photographs of E taken by a responding officer. The photographs depicted injuries on E's face, leg, and bare foot.[1] The responding officer, Officer Paisley, testified that when she first encountered E, E was limping and wincing. E told Paisley that she was injured and described the location of her injuries. As E was being treated in an ambulance, Paisley could see a "clearly obvious" injury on E's face. Paisley asked E to turn her face so that Paisley could take photographs of that injury. The photographs of E's face were close ups of the left side of her face, which appeared to be red or bruised. The paramedics were treating an injury on the E's foot, which Paisley photographed. The photograph of E's foot shows the inside of E's foot with an adhesive bandage placed over an apparent injury. Paisley also observed that E "obviously [had] some pain in her thigh and hip" so Paisley asked her to pull down her legging. Paisley saw a red mark on E's leg, which she photographed. The photograph of E's leg shows E slightly bent over, her leggings pulled down, and her hand appearing to hold the waistband of her legging. On her leg is a large welt or bruise.

During the pretrial hearing, defendant argued that the photographs depicted nonverbal conduct that could be understood as statements or assertions made by E. More specifically, defendant argued that E elevated her foot, pulled down her pants, and kept her head still to allow the officer to take the photographs. In defendant's view, those actions depicted nonverbal conduct by E, intended as an assertion, that the state intended to offer for the truth of the matter asserted, *i.e.*,

---

[1] In addition to the photographs, the officer also took "video stills" or "live photos" of the same injuries. Each photo has a corresponding "live photo." It appears that the trial court, in ruling on the photographs, either admitted or excluded the "live photo" that corresponded to the photograph. We refer to "photographs" and in doing so include the corresponding live photos.

that E had sustained injuries. Defendant thus argued that the photographs "are all statements for the purpose of hearsay." Defendant also argued that the state could not authenticate the photographs and that they were not relevant.

In response, the state argued that the photographs would not be hearsay nor did they contain any movement, gestures, sign language, or other communicative gestures that it intended to offer as an assertion. Thus, the photographs would not be offered for the truth of the matter asserted: that "E is announcing this is my injury[.]" So long as the state could establish at trial that the photographs were true and accurate depictions of what the officer observed, the state argued that they would be admissible and authenticated. The state further argued that, in conjunction with "very comprehensive admissions from the defendant" that he beat E with a chair and his fists, the photographs of the injuries were relevant to illustrate the injuries that were caused by those acts.

At the conclusion of the hearing, the trial court divided the photographs into two categories. The trial court concluded that the state could use the photographs of injuries on E's face and foot at trial because the officer "could and did see" the injuries, and thus the photographs were not intended to be offered as statements or assertions and would not be hearsay. It rejected defendant's arguments that those photographs were not relevant, accepting the state's argument that the combination of defendant's admissions and the photographs of injuries would render the evidence relevant. The court further concluded that the officer had the "requisite personal knowledge for the admission of the photographs that are consistent with her observations."

In contrast, the court ruled that the state could not use the photograph of E's leg on the basis that the photograph depicted an act that was intended as an assertion—E pulling down her leggings—and thus would constitute inadmissible hearsay. The trial court further ruled that, because the foundation for the photograph "is based on hearsay statements" of E, it should be excluded under OEC 901.[2]

---

[2] Although defendant challenged the photograph on relevancy grounds as well, the trial court did not grant defendant's motion *in limine* on that basis.

In light of those rulings, the state then asked that it later be allowed to elicit testimony at trial from the officer about her observations of E's injuries. Defendant objected, arguing that the officer's observations were based on E's assertive conduct of pulling down her legging. The trial court ruled that the state could not offer the officer's personal observation because it "is inextricably intertwined with the hearsay. The—the hearsay is where were you injured, lifting your shirt. Whether it's a picture of it or the officer's testimony of it, it's inadmissible."[3]

As noted, both parties appeal from those rulings. We review for legal error. *State v. Hartley*, 289 Or App 25, 29, 407 P3d 902 (2017). Because we conclude that the trial court incorrectly excluded the photograph of E's leg, we reverse the trial court's order excluding that evidence. We otherwise affirm.

Before explaining how the trial court erred, we note the posture of this appeal and the limited record before us. As the Supreme Court has noted, relying on a motion *in limine* "presents its own obstacles." *State v. Pitt*, 352 Or 566, 573, 293 P3d 1002 (2012). That is because "a trial judge ruling on a motion *in limine* must rely on the parties' representations and arguments about what they expect the evidence, including the challenged evidence, will demonstrate during trial." *Id.* In contrast, a "challenge during trial to an offer of evidence provides greater context for the trial judge to assess issues concerning the admissibility of the proffered evidence in light of what has occurred in the course of the trial." *Id.* The parties on appeal ask us to determine whether the photograph is, or is not, inadmissible hearsay— we decline to do so. The actual question before us is more limited: whether the trial court could have properly concluded pretrial, based on the arguments in the motion hearing, that the photograph could *only* be inadmissible hearsay in the context of a trial. As we explain, on that limited question, the trial court erred. But whether the

_____

[3] Counsel for defendant had referred to the photographs as showing that E can "be seen raising her shirt." There are no photographs of E doing so, and based on the context and later arguments, it is apparent the references were to the photograph of E's leg.

photograph will be inadmissible hearsay in the context of the trial is a question for the future and one we offer no opinion upon.

Turning to the pretrial ruling that is the actual issue before us, "[i]t has long been established that a photograph is entitled to be received in evidence when a witness testifies that the photograph accurately depicts the object[,]" *i.e.*, when the witness can authenticate the photograph. *State v. Miller*, 6 Or App 366, 370, 487 P2d 1387 (1971). However, with a variety of exceptions not applicable here, "[h]earsay is not admissible." OEC 802. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). A "statement" in turn includes "[n]onverbal conduct of a person, if intended as an assertion." OEC 801(1)(b). To determine whether a statement is hearsay, a trial court must consider the "purposes for the statement that the proponent offers." *State v. Bement*, 363 Or 760, 768, 429 P3d 715 (2018).

Thus, if a photograph depicts nonverbal conduct intended as an assertion—a "statement," OEC 801(1)(b)— and the photograph is offered to prove the truth of the matter asserted in the statement, then it contains hearsay. *Cf. Bonilla v. Matteson*, No 120-CV-00806-NONE-HBK, 2021 WL 6135923 at *11 (ED Ca Dec 29, 2021) (noting that testimony describing the contents of photographs in which a person could be seen "posing for a photograph while contemporaneously making hand signs meant to convey a message of gang affiliation," presented to show "gang membership of the person making the hand sign," is likely hearsay); *cf. also State v. Mayfield*, 302 Or 631, 643, 733 P2d 438 (1987) (testimony recounting a victim's manipulation of an anatomical doll was offered to prove the truth of the matter asserted by the victim's nonverbal statement—that the defendant had abused the victim in the ways demonstrated by her manipulation of the doll—and, thus, was inadmissible hearsay). Here, we conclude that, even assuming the photograph of the victim's leg included a "statement," the purpose for which the photograph was offered was not to prove the truth of that statement.

As the state observed below and on appeal, it intended to offer the photograph for a limited purpose: to show the condition of E's body at the time the officer met with E. Assuming, without deciding, that the trial court correctly determined that E's act of pulling down her leggings was intended as an assertion, namely that it was conduct intended to express "my leg is injured," it is not that statement, or its truth, for which the state intended at trial to introduce the photograph. Rather, the state intended to use the photograph as evidence of the condition of E's body at a specific time, and the fact that the photograph also showed E appearing to have pulled down her leggings was immaterial to that purpose. Given that intention, at least as of the time of the motion *in limine* and pretrial hearing, we conclude that the purpose for which the state intended to use the photograph was not to prove the truth of the matter asserted by E's conduct-based statement and was not hearsay.[4]

We acknowledge that it is possible to characterize the assertion—"my leg is injured"—and the purpose for which the state sought admission of the evidence—to show that E was injured—as being the same, in a general sense. However, in our view, the critical point is that to the extent that the photograph could be construed to contain a nonverbal statement by conduct, that has no bearing on the probative value of the photograph for the purpose for which the state intended to have it admitted at trial.

Defendant argues that the state did not limit the purpose for the photograph during the pretrial hearing. But the fact that a factfinder may "use the statement for other purposes is not material to the hearsay determination[.]" *Bement*, 363 Or at 768. Instead, that risk should be addressed through use of a limiting instruction or other limitation on the evidence. *Id.* at 768-69, citing OEC 105 ("When evidence which is admissible *** for one purpose but not admissible *** for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper

---

[4] Our disposition of the state's first assignment of error that the photograph of E's leg was not hearsay at the pretrial hearing also disposes the state's second assignment of error that the officer's testimony about the injuries that she observed would be "inextricably intertwined" with the photograph that the trial court incorrectly concluded as hearsay.

scope and instruct the jury accordingly."). If during the course of trial, the state attempts to expand its reliance on the photograph for other purposes, defendant may request an appropriate limiting instruction then. The same holds true if the state attempts to introduce the photograph in ways that are different from how, during the pretrial hearing, the state represented it intended to use the photograph. But given the facts at the time of the pretrial hearing, we cannot conclude as a matter of law that the photograph is inadmissible hearsay. We thus conclude that the trial court erred in concluding otherwise.

We likewise conclude that the trial court erred in excluding the evidence under OEC 901. As noted above, the trial court excluded the photograph of E's leg because its authentication depended on "hearsay statements" of E. OEC 901 requires that evidence be authenticated before it is admissible and requires the proponent of evidence to establish "a *prima facie* case of authenticity," or "evidence 'sufficient to support a finding that the matter in question is what its proponent claims.'" *State v. Sassarini*, 300 Or App 106, 126, 452 P3d 457 (2019) (quoting OEC 901(1)). One method of authentication is "[t]estimony by a witness with knowledge that a matter is what it is claimed to be." *Id.* at 122 (quoting OEC 901(2)(a)).

Here, the evidence supporting the authenticity of the photograph does not depend, as the trial court concluded, on E's statements. Rather, the state would be able to authenticate the photograph through the testimony of the officer who took the photograph and personally observed what that photograph depicted. So framed, that personal knowledge—which does not rely on E's statements—satisfies OEC 901's standard that the photograph of injuries is what the proponent of the evidence claims.

Our reasoning is also largely dispositive of defendant's cross-appeal. As noted, defendant argues that the trial court erred in concluding that photographs of E's foot and face would not be hearsay, were relevant, and were properly authenticated. For the same reasons set forth above, we reject defendant's argument that the photographs of the foot and face injuries, at least based on how the state

represented it intended to use them at trial, would be inadmissible hearsay. Similarly, the officer's testimony, based on her personal observations, were sufficient to authenticate the photographs of E's face and foot.

We similarly reject defendant's argument that the state cannot establish the relevancy of the photographs of E's face and foot without E's statements about her injuries. The state presented evidence that defendant made admissions about beating E with a chair and his fists.[5] One of the elements that the state will have to prove for fourth-degree assault is physical injury. ORS 163.160. In light of defendant's admission that he beat E, evidence of E's injuries that existed immediately after the admitted assault would plainly meet OEC 401's low threshold for relevancy, regardless of any statements by E.

Reversed on appeal; affirmed on cross-appeal.

---

[5] Defendant asserts that the state failed to make an adequate offer of proof. But as the state observes, one way of making an offer of proof is for counsel to state what the proposed evidence is expected to be. *State v. Phillips*, 314 Or 460, 466, 840 P2d 666 (1992). The prosecutor's description of defendant's admission served as an adequate offer of proof.